BEFORE THE SECOND DIVISION, NOVEMBER 22, 1961

No. 66225.—D. C. Andrews & Co. of Mass. v. United States, protest 60/2433 (Boston).

LAWRENCE, Judge: The classification by the collector of customs of a super-calendar stack (hereinafter also referred to as a supercalendar) and parts for

such a device as articles having as an essential feature an electrical element or device in paragraph 353 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 353), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, and the assessment of duty thereon at the rate of 13¾ per centum ad valorem are here in controversy.

The contention of plaintiff is that said articles should properly have been classified as machines for making paper and parts thereof in paragraph 372 of said act (19 U.S.C. § 1001, par. 372), as modified by the Sixth Protocol of Supplementary Concessions to said general agreement, 91 Treas. Dec. 150, T.D. 54108, and subjected to duty at the rate of 9½ per centum or 9 per centum ad valorem, depending upon the date of entry.

The pertinent provisions of the statute are as follows:

Paragraph 353, as modified, *supra*:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

   Batteries * * *

   *        *        *        *        *        *        *

   Other * * * _____ 13¾% ad val.

Pargraph 372, as modified, *supra*:

| | [Effective 6/30/56] | [Effective 6/30/57] |
|---|---|---|
| Machines, finished or unfinished, not specially provided for:<br>    Adding machines * * * | | |
| *        *        *        * | * | * |
| * * *; machines for making paper or paper pulp; * * * | 9½% ad val. | 9% ad val. |
| *        *        *        * | * | * |
| Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in item 372 in this Part. | The rate for the article of which they are parts. | The rate for the article of which they are parts. |

At the trial of this case, three witnesses were called to testify on behalf of the plaintiff and, in addition, there were received in evidence various exhibits.

In view of the position taken by the defendant after submission of the case for determination, we shall limit ourselves to a brief exposition of the factual situation involved.

The witnesses called by the plaintiff proved to be well qualified to testify with regard to the design, purpose, and functioning of the various importations involved. From their testimony, the following uncontradicted facts are of record:

The imported merchandise, consisting of a supercalendar stack and parts for such stacks, is in chief value of metal. A supercalendar, conceded to be a machine, creates a glossy or transparent finish on paper web by the application of pressure, moisture, and heat upon rolls through which raw paper passes. Supercalendars are used only in the manufacture of paper. While the specific supercalendar stack imported was intended to be operated by 11 electric motors, none of which motors incidentally were part of the importations but were to be purchased in the United States, the condition of the supercalendar stack upon importation did not limit the importer to the use of any of said electric motors. The supercalendar could function for all practical purposes by alternate nonelectric power. Such alternative power sources would require either

no change in the supercalendar stack or an immaterial change, depending upon the type of power utilized.

In a well-prepared brief submitted by plaintiff herein, arguments in support of its claim for classification of the articles in issue as machines or parts thereof in paragraph 372 of the tariff act, as modified, are made on the following grounds:

1. Paragraph 353 does not apply because the supercalendar stack as imported does not have as an essential feature an electrical element or device.

2. Said paragraph 353 does not apply because the supercalendar stack is not *ejusdem generis* with the class of articles named therein.

3. Paragraph 353 is inapplicable since, by trade agreement, machines for making paper are *eo nomine* provided for in paragraph 372.

4. Paragraph 372, being the more specific, controls the classification of a supercalendar stack.

For a mechanism or device to be classified within the purview of paragraph 353, it must be an article having as *an essential feature* an electrical element or device. *United States* v. *Dryden Rubber Co.*, 22 C.C.P.A. (Customs) 51, T.D. 47050; *Ralph C. Coxhead Corp.* v. *United States*, 22 C.C.P.A. (Customs) 96, T.D. 47080; and *United States* v. *Baker Perkins, Inc., R. F. Downing Co., Inc.*, 46 C.C.P.A. (Customs) 128, C.A.D. 714.

Defendant, although granted time to file a brief in opposition to the claim of plaintiff herein, has instead submitted a memorandum wherein the statement appears that:

The testimony herein indicates that although actually operated by electricity another or other sources of motive power could be used without any functional change in the machine as imported.

Defendant also makes reference to the *Baker Perkins* case, above cited. Involved, in that case, was the proper classification of a cocoa liquor grinding mill and two sets of finishing discs. The court below held that, since electrical motive power was the only practical commercial motivating force employed in the operation of the grinding mill, the electrical articles provision of the tariff act, namely, paragraph 353, was applicable to its classification for duty purposes. The appellate court, however, overruled the holding of the lower court and stated in part as follows:

\* \* \* The mere contemplation of the use of electric motive power is not sufficient to constitute the machine an article having as an essential feature an electrical element under paragraph 353.

\* \* \* \* \* \* \*

\* \* \* We cannot agree with the conclusion below that the electric motor by which appellees' mill is driven makes it essentially an electrical article. It was a grinding mill having a drive shaft to which a pulley was attached. Any source of adequate power connected to that pulley to rotate the shaft would run the machine. Except for practical and commercial considerations, in the operation of a chocolate factory in a given location, the power source would be immaterial. Selection of an electric motor did not make the grinding mill an essentially electrical article. The following from the *Dryden* case is pertinent:

From what has been said, it follows that if the article, when it is imported, is designed and constructed to use electrical power, or other power, interchangeably, then it has not, as an essential feature, an electrical element or device.

The records before the court, in the instant case, discloses that electrical power is not essential to the operation of the supercalendar stack in controversy and that alternate power sources could be substituted without any change, or, at the most, immaterial change, in the device as imported. This fact has been con-

ceded by the defendant. It follows, therefore, that the classification by the collector of customs of the imported articles within the electrical articles provision of paragraph 353 of the Tariff Act of 1930, as modified, was erroneous.

Inasmuch as the record discloses that the imported supercalendar stack and parts therefor constitute a machine and parts thereof used in the manufacture of glossy finished paper, they come within the scope of the provision for "machines for making paper" and parts thereof in paragraph 372 of said act, as modified, *supra*, for which duty at the rate of 9½ per centum or 9 per centum ad valorem, depending upon the date of entry, is provided, and we so hold. In view of the conclusion we have reached herein, it is unnecessary for us to pass upon the other points raised by plaintiff in its brief.

The claim in the protest is sustained.

Judgment will be entered accordingly.